## AUSTIN *v.* STATE.

(In Banc.   Feb. 9, 1942.)

[6 So. (2d) 121.   No. 34863.]

**H. F. Jones,** of Belzoni, for appellant.

**Greek L. Rice**, Attorney-General, by **Russell Wright**, Assistant Attorney-General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

Upon an affidavit charging him with having willfully, unlawfully and intentionally pointed and aimed a gun at and towards H. A. Stubblefield, not in self-defense or in the lawful discharge of official duty, the appellant Mose Austin was convicted in the justice of the peace court, fined $100 and costs, and sentenced to serve a term of six months' imprisonment in the county jail. The case was thereupon appealed to the circuit court where he was again found guilty as charged and the same sentence imposed, after the case had been submitted to the jury under one instruction which would have permitted such a verdict and under another instruction which would have permitted a conviction of only the constituent offense of attempting to commit the crime charged in the affidavit.

There was no proof to sustain the charge that the accused had either pointed or aimed the gun at Stubblefield, but the evidence offered by the state tended to show that he went into his house, obtained a gun, came out on the front porch in a scuffle with his wife over the weapon and was prevented by her from raising it to a position where it could be either pointed or aimed at anyone. At the conclusion of this testimony, the court was requested to exclude the evidence and direct a verdict in favor of the defendant, and the overruling of this motion is assigned as error.

The accused was not entitled to the requested peremptory instruction for the reason that under the proof the jury may have been entitled to convict him of an attempt to commit the offense charged. Section 1280, Code of 1930.

There was no motion to set aside the verdict and grant the defendant a new trial, but we are presented with the question on appeal as to whether or not there is any proof

to sustain the verdict of conviction for pointing and aiming a gun. We must answer this question in the negative, and reverse and remand the cause.

Reversed and remanded.